United States District Court
Southern District of Texas
**ENTERED**
December 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER  G-16-15 |
| | § | |
| AGUSTO LAZO-AGUIRRE | § | |
| TONY PEREZ | § | |
| CARLOS CHAYANE MORALES | § | |
| FRANCISCO SOLANO-HUERTA | § | |
| JUANA GUADALUPE JOYA | § | |
| MARCO ANTONIO DURAN-MILLAN | § | |
| RAFAEL ORTUNO CARRENO | § | |
| GABRIEL SANTIAGO-OCHOA | § | |

## PROTECTIVE ORDER REGARDING DISCOVERY

Upon consideration of the Government's Motion for Protective Order Regarding

Discovery; the Government's discovery obligations arising under Federal Rule of

Criminal Procedure 16, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and

*United States v. Giglio*, 405 U.S. 150 (1972); and the government's expected voluminous

production of discovery materials in this case that contain, among other things,

individually identifiable information and other private information about numerous

individuals, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The materials produced by the government may be used by the defendants, each

defendant's counsel and any employees or agents of each defendant's counsel solely in the

defense of this case and shall be protected from unnecessary dissemination.

2.     Each Defendant's counsel and his/her respective Defendant will not disclose the

private information contained in the discovery material directly or indirectly to any person

except those assisting the defense, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

3.      The discovery material produced by the government will not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

4.      When providing the discovery materials to an authorized person, each defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

5.      Each Defendant's counsel will inform their respective Defendant of the provisions of this Protective Order, and direct him/her not to disclose or use any information contained in the government's discovery in violation of this Protective Order.

6.      Such discovery materials provided by the United States shall be utilized by the Defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

7.      Such discovery materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the named Defendants, each Defendant's counsel, persons

2

employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure.

8.      All discovery and all copies of same shall be returned to the United States Attorney's Office following disposition of the case, except where an appeal is anticipated.

9.      However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

SIGNED in Galveston, Texas, on this the ___7th___ day of November, 2016.


_____
HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE